IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONNY RAY CHURCH | CASE NO. 1:10CV2520 |
| Plaintiff, | |
| | JUDGE JAMES S. GWIN |
| v. | |
| JAMES J. MAYER, JR., et al. | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

Plaintiff *pro se* Donny Ray Church, incarcerated in the Belmont Correctional Institution, St. Clairesville, Ohio, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against James G. Myers, Richland County, Ohio Prosecutor and Victoria Kilby, a witness in his criminal trial. He alleges that his sentence is improper because it was not supported by the record. Defendant Kilby 's allegedly false testimony resulted in his conviction for rape. Plaintiff requests a reduction in his sentence or that it be vacated and an unspecified sum of damages be awarded.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The allegations set forth in the Complaint clearly challenge the validity of Plaintiff's current conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole

federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Brooks v. McQuiggin,* 2010 WL 432250 * 3 (W.D.Mich., Jan. 26, 2010) (habeas corpus is the appropriate remedy for state prisoners challenging the validity of the fact or length of their confinement). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*.

Further, absent an allegation that Plaintiff's current conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). The same reasoning applies to the claim against Defendant Kilby.

Further, prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor Mayer acted outside of the scope of his responsibilities.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date: December 9, 2010                      *s/     James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE